IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ANDREW I. KINCAID,<br><br>　　　　　　Defendant. | 8:23CR31<br><br>SENTENCING MEMORANDUM IN SUPPORT OF MOTION FOR UPWARD VARIANCE AND DEPARTURE |

　　　　The United States of America, by and through Sean P. Lynch, Assistant United States Attorney, respectfully submits this sentencing memorandum as to defendant Andrew I. Kincaid (hereinafter "Kincaid"). Kincaid will appear before this Court for sentencing on May 29, 2024. A sentence of 240 months is sufficient, but not greater than necessary.

**Procedural History**

　　　　On February 22, 2023, Kincaid and co-Defendant Talifaerro D. Thompson (hereinafter "Thompson") were indicted on two counts related to an armed bank robbery that occurred on January 26, 2023.[1] *See* Filing 28. Specifically, Thompson and Kincaid were charged with:

> Count I: Bank Robbery in violation of 18 U.S.C. § 2113(a), (d), & (e) and 18 U.S.C. § 2
> Count II: Brandishing or Using a Firearm During and In Relation to a Crime of Violence
> 　　in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2

*Id.*

　　　　On March 4, 2024, Kincaid entered a plea of guilty to a two-count Information. *See* Filing 84. This Information charged Kincaid with:

> Count I: Bank Robbery in violation of 18 U.S.C. § 2113(a) & (d) and 18 U.S.C. § 2
> Count II: Brandishing or Using a Firearm During and In Relation to a Crime of Violence
> 　　in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2

---

[1] In Filing 28 and in the eventual Informations that the co-Defendants pled guilty to, there is a scrivener's error in the date stating erroneously that it occurred in 2022. The Government will ask for leave to amend the Information at the time of sentencing to correctly state "January 26, 2023."

1

*Id.* Kincaid entered this plea pursuant to a plea agreement. *See* Filing 84. The plea agreement was negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(C), pursuant to which the parties agree Kincaid shall receive a sentence of no less than 154 months but no more than 270 months. *See Id.* at p. 5 (emphasis added).

Kincaid's sentencing hearing is scheduled for May 29, 2024.

**Factual Summary**

On January 26, 2023, two suspects armed with handguns robbed the First National Bank of Omaha located at 2625 S. 175th Street in Omaha, Nebraska, in the District of Nebraska. The bank was federally insured at the time and is presently federally insured.

Victim 2 was a pregnant teller working on the morning of the robbery. She told police officers who responded to the robbery that she observed one of the suspects pistol whip Victim 1 in the head. Victim 1 was bleeding from his head on the security video that investigators obtained of the robbery. The same suspect grabbed Victim 2 by her hair and dragged her across the lobby. This is the suspect whose face on video, when it was run through the state facial identification program used by the Department of Motor Vehicles, returned Taliaferro Thompson as a possible match for the suspect who assaulted two tellers. Thompson was one of many possible matches returned by the software, but Andrew Kincaid was not among those matched for the suspect who pistol whipped Victim 1. The second suspect also pushed another customer to the ground upon entering the bank.

Victim 1 was transported to the hospital for emergency care immediately following the bank robbery due to a large bleeding wound on his head.

The suspect implicated by the facial recognition software as Taliaferro Thompson then forced Victim 1 at gunpoint to accompany him to the vault behind the counter. There, that suspect

put well over $95,000 (approximately $350,000) in United States currency in a black trash bag while the second suspect said they needed to hurry and leave the bank. The stolen money included a red dye pack and bait bills.

Video from inside the bank revealed the two suspects took a white van to the robbery. The video had exceptionally clear definition, and the suspect implicated by the facial recognition software as possibly being Taliaferro Thompson (or one of many other possible matches) had approximately half of his face visible in the security video. That photo was used in a bulletin that the police department pushed out to the community, and a confidential informant immediately came forward and identified Taliaferro Thompson and Andrew Kincaid as the two suspects involved in the bank robbery.

The informant pointed police towards a residence on Nicholas Street in Omaha, Nebraska as a likely possible residence for Kincaid and Thompson. Surveillance confirmed that this was the case. Officers watched Taliaferro Thompson exit that residence with a female and get into a gray Jeep Cherokee. Officers stopped that vehicle and located approximately $76,000 in United States currency in the vehicle. Taliaferro Thompson had a handgun in his possession at the traffic stop, and a second handgun was located in the same vehicle. The robbery video showed that both suspects who committed the bank robbery each carried what appeared to be handguns or firearms into the bank and pointed them at victims inside the bank.

Detectives encountered Andrew Kincaid inside the residence during the execution of a search warrant. Kincaid had apparent red dye on his face and head from attempting to dye his hair after the bank robbery.

A dumpster nearby included burnt money with red dye on it that would have been consistent with the stolen money from the bank robbery that contained a hidden red dye pack

within it. The residential search also led to the recovery of a white belt and black mask that were consistent with items worn by a bank robber in the video, along with eyeglasses (the suspect that took Victim 1 to the vault after pistol whipping him wears eyeglasses in the bank video).

The white van used during the bank robbery, according to security video that included the license plate number, was tracked to a Baker's store nearby where the van was left running following the bank robbery. The van was reported stolen at the time of the robbery. A dark colored SUV was seen near the stolen van.

One of the witnesses also identified Thompson and Kincaid from stills from the bank robbery video. The witness identified the suspect that pistol whipped Victim 1 and grabbed Victim 2 by her hair as Taliaferro Thompson. The witness identified Andrew Kincaid as the suspect that shoved a customer victim to the ground at the outset of the robbery.

**Evidence to be Offered at Sentencing**

The United States relies upon the factual basis of the plea agreement. *see* Filing 84. The United States also relies on the contents of the Revised Presentence Report (hereinafter "RPSR), which are uncontroverted. The United States intends to offer surveillance footage of the robbery at the time of sentencing, stills of which are incorporated within this brief.

**Restitution**

Kincaid has agreed, as part of his plea agreement, to pay restitution in the amount of $350,000 to First National Bank of Omaha. *See* Filing 74.

**Guideline Calculation**

The United States does not object to the guideline calculation contained within the RPSR. The guideline calculation for Count I is as follows:

| | | |
|---|---|---|
| 2B3.1(a) | Base Offense Level | 20 |
| 2B3.1(b)(1) | Victim- Financial Institution | +2 |
| 2B3.1(b)(3)(A) | Serious Bodily Injury | +4 |

4

| | | |
|---|---|---|
| 2B3.1(b)(4)(B) | Physical Restraint | +2 |
| 2B3.1(b)(7)(C) | >$95,000 Loss | +2 |
| | | 30 |
| 3E1.1(a) | Acceptance | -2 |
| 3E1.1(b) | Acceptance | -1 |
| | | 27 |

*See* RPSR ¶¶ 50-62. Kincaid's guideline criminal history category is Category III. RPSR ¶ 75. Count II is a violation of 18 U.S.C. § 924(c) for brandishing or using a firearm during and in relation to a crime of violence (Count I) and is punishable by 84 months of imprisonment consecutive to the term of imprisonment in Count I. RPSR ¶ 63. Therefore, the total sentence under the guidelines as stated in the RPSR is 171 months to 192 months. As of the date of this filing, Kincaid has not filed any objections to the RPSR.

**Motion for Departure**

The United States has moved for an upward departure pursuant to U.S.S.G. § 5K2.8. This provision states, "If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentenced above the guideline range to reflect the nature of the conduct." U.S.S.G. § 5K2.8.

The criminal conduct in this case was heinous, cruel, brutal, and degrading. More importantly to this analysis, it was present to an unusual degree when compared to other bank robberies. In short, bank robberies are violent crimes, and Thompson and Kincaid exercised a significant degree of violence when committing this robbery. Upon entering the bank, Thompson and Kincaid immediately began unleashing a reign of terror on those within, to customers and employees alike. Seen here is Kincaid shoving a victim customer to the ground at gun point, or as Kincaid characterizes it, "I put my hand on a man's back and guided him down to the ground." *See* Filing 83; RPSR ¶ 33.



Kincaid's attempt at minimization aside, despite meeting no resistance, Kincaid and Thompson continued to harm and threaten those within the bank, using force and firearms, resulting in both physical injuries and emotional trauma that extend beyond the behavior contemplated by the guidelines. This is clearly seen in the surveillance footage from within the bank:





The need for departure is exemplified with the treatment of two bank employees at the hands of Thompson identified in the plea agreement as Victims 1 and 2. It is an uncontroverted fact in this case that Thompson pistol whipped Victim 1, a bank employee, in the head during the commission of this robbery. *See* Filing 74, pp. 2-3. This violent and unnecessary act caused serious bodily injury to Victim 1 which required medical attention. RPSR ¶ 51. As is evident in the surveillance footage that the United States will offer at sentencing, the customers and bank employees were already complying with Thompson's and Kincaid's criminal demands. After violently pistol-whipping Victim 1, Thompson then forced Victim 1 to accompany him to the bank vault where he then pressed the barrel of his pistol into the base of Victim 1's head. *See also* RPSR ¶ 37.



As Thompson forced him along at gunpoint, Victim 1 held some sort of towel or cloth to his head to attempt to stem the flow of blood from his head wound, caused by Thompson pistol whipping Victim 1 earlier.

Thompson's behavior also included assaulting a pregnant teller. *See* RPSR ¶ 38. Thompson dragged the pregnant teller by her hair across the lobby and then put a gun to her head and forced her to open the teller drawers. *Id.* This too is uncontroverted. *See* Filing 74, pp. 2 and 3.



9

Thompson and Kincaid's behavior transcended what was necessary to effectuate their criminal objective and inflicted a gratuitous level of violence and terror on the victims in this case. An upward departure is warranted under U.S.S.G. § 5K2.8.

**Motion for Variance and Sentencing Argument**

Kincaid should receive a sentence of 240 months. In order to comply with 18 U.S.C. § 3553(a)(2), this Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1) & (2). In determining the sentence, this Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant.

A sentence is substantively unreasonable if it "does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment balancing sentencing factors." *United States v. Moore*, 565 F.3d 435, 438 (8th Cir. 2009).

Post-*Booker*, the court must determine whether a non-Guidelines sentence is appropriate after determining the Guidelines range and any permissible departures within the Guidelines structure. *United States v. Myers*, 503 F.3d 676, 684 (8th Cir. 2007). The court has a "responsibility to select a sentence that [is] 'sufficient, but not greater than necessary' to comply with the statutory sentencing purposes." *United States v. Gray*, 577 F.3d 947, 950 (8th Cir. 2009) (quoting 18 U.S.C. § 3553(a)). "[A] district court's job is not to impose a reasonable sentence, but rather to impose a

sentence sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a). *United States v. Lytle*, 336 F. App'x 587, 588 (8th Cir. 2009).

Kincaid appears before this Court following the commission of a violent robbery. Kincaid has a history of firearms offenses. *See* RPSR ¶ 67, 70. Kincaid is also a documented Sahler Blocc Crip gang member. RPSR ¶ 77.

In examining the § 3553(a) factors, Kincaid is deserving of an upward variance, and a total sentence of 240 months is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. The United States re-incorporates its argument in support of an upward departure under U.S.S.G. § 5K2.8 and asks this Court to consider both motions independently. Kincaid's conduct on January 26, 2023, was appalling, and there is an overarching need to protect society from Kincaid. This offense was serious and violent, with multiple victims physically harmed and traumatized, a large amount of currency stolen, and firearms brandished and otherwise used. The Government requested a sentence of 270 months for Thompson. *See* Filing 96. During this robbery, Thompson physically carried out two of the most egregious acts used to terrorize the victims, the actions taken towards Victims 1 and 2, which is part of the reason the Government requested a greater sentence in his case. However, Kincaid was a full participant in the robbery and bears culpability for his role in these criminal acts.

A significant sentence outside of the guidelines is needed to promote respect for the law, which Kincaid so flagrantly disregarded. A 240-month sentence would provide just punishment for these heinous offenses and would afford adequate deterrence, both specific and general, to the criminal conduct. Lastly, a 240-month sentence would protect the public from further crimes of Kincaid for two decades.

The United States requests that the Court grant its motions for departure and variance, either individually or collectively, to arrive at a total sentence of 240-months' imprisonment. Such a sentence would be sufficient, but not greater than necessary to effectuate the purposes of sentencing.

                                                  UNITED STATES OF AMERICA,

                                                  Plaintiff

                                                  SUSAN T. LEHR
                                                  United States Attorney

                        By:     s/ Sean P. Lynch
                                                  SEAN P. LYNCH, #25275
                                                  Assistant U.S. Attorney
                                                  1620 Dodge Street, Ste. 1400
                                                  Omaha, Nebraska 68102
                                                  Tel: (402) 661-3700
                                                  Fax: (402) 661-3084
                                                  E-mail: sean.lynch@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants: None.

                                                          s/ Sean P. Lynch
                                                         Assistant U.S. Attorney